IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TRAVIS MACKLIN,            )<br>                            )<br>    Plaintiff,              )<br>                            )     No. 2:20-cv-02183-TLP-tmp<br>v.                          )<br>                            )     JURY DEMAND<br>DOLLAR GENERAL,            )<br>                            )<br>    Defendant.             ) | |

**ORDER DISMISSING COMPLAINT WITH PREJUDICE,
DENYING LEAVE TO AMEND,
DISMISSING CASE IN ITS ENTIRETY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE,
AND ASSESSING FIRST STRIKE UNDER 28 U.S.C. § 1915(g)**

## BACKGROUND

In March 2020, Plaintiff Travis Macklin[1] sued Defendant Dollar General pro se under 42 U.S.C. § 1983 ("§ 1983"). (ECF No. 1.) Shortly after, the Court granted him leave to proceed in forma pauperis and assessed the $350 filing fee. (ECF No. 4.) In short, Plaintiff alleges that in March 2019 he entered a Dollar General store, where a cashier attacked and injured him. (ECF No. 1 at PageID 2.) He claims the cashier pulled him out of the store, threw a trash can at him and then cut him with scissors. (*Id.*)

---

[1] Plaintiff claims he was incarcerated at the Shelby County Criminal Justice Center ("SCCJC") in Memphis, Tennessee when he filed his pleading. (ECF No. 1 at PageID 2.) The State has assigned him number 19124974. But Plaintiff's allegations concern events that happened when he was not incarcerated. (*Id.*) And he also includes a second address in his complaint. (*Id.*) Thus, the complaint lacks clarity as Plaintiff's incarceration status and his address, and he has not provided any updates.

Plaintiff's suit has at least two problems.  First, Plaintiff's complaint fails to state a viable §1983 claim, and second, Plaintiff has failed to provide the Court with his current address.  As more thoroughly explained below, the Court **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.

## ANALYSIS

### I.      Failure to State a Claim

First, Plaintiff's complaint fails to state a claim for which the Court may grant relief.  Plaintiff names "Dollar General" as the only Defendant.  (ECF No. 1.)  He states that on March 14, 2019, as he was "just getting out of jail," he entered a Dollar General store, where a cashier "took [him] by the shirt" and "pulled [him] outside."  (*Id.* at PageID 2.)  He claims she "came at" him with scissors, striking him in the wrist.  (*Id.*)  Allegedly, he went to the hospital, where he received 30 stitches.  (*Id.*)  He claims he was also on the news  (*Id.*)  Finally, he seeks $3.5 million stating that he was almost killed by the woman working at Dollar General.  (*Id*. at PageID 3.)  Yet, Plaintiff alleges no constitutional deprivation as required by § 1983.

To analyze, the Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).  And in assessing whether the complaint states a claim on which the Court may grant relief, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Additionally, Federal Rule of Civil Procedure 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 n.3. But it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." (*Id.*)

Even so, Courts screening cases will accord slightly more deference to pro se complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612–613 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Even when the Court liberally construes Plaintiff's complaint here, his claims still fail. The reason is that he sues a private company under § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and

3

laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For his claims to succeed, Plaintiff must satisfy these requirements.   But he cannot do so.  First, his complaint does not allege a constitutional deprivation.  Second, Dollar General is a private corporation and not a state actor acting "under color of state law."

To explain, "[a] § 1983 plaintiff may not sue purely private parties."  *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999).  Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state."  *Collyer v. Darling*, 98 F.3d 211, 231–32 (6th Cir. 1997).  Generally, to have acted "under color of state law," an individual must be a state or local government official or employee.

A private party may act under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as state action.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state.  *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974).  But Plaintiff alleges none of this here.

Simply put, a Dollar General store is not a state actor.  Plaintiff fails to allege that Dollar General or its cashier acted under color of state law, and Plaintiff also fails to show that Dollar General acted with or received aid from state officials.  What is more, Plaintiff does not allege an actual constitutional deprivation.  Thus, because Plaintiff does not have a viable § 1983 claim, the Court **DISMISSES** this action **WITH PREJUDICE.**

## II.     Failure to Prosecute

In addition to failing to state a claim, Plaintiff has also failed to update the Court with his current address.  Plaintiff's complaint, dated March 6, 2020, states that he was released from SCCJC on March 14, 2019.  (ECF No. 1 at PageID 2.)  But his complaint arises from alleged events that occurred after his March 14 release from confinement, and he also claims he is presently residing elsewhere in Memphis, Tennessee.  (*Id.* at PageID 2–3.)  His complaint is confusing with respect to his confinement status at the time he filed his claims; it states both that he was then confined at SCCJC, and that his address was simultaneously somewhere other than SCCJC.  (*Id*. at PageID 2.)  The Court's March 16, 2020 order informed Plaintiff that he must notify the Court immediately in writing if he changed his address.  (ECF No. 4 at PageID 11.)  Courts have no way of knowing litigants' mailing addresses except by checking the information they provide to the court.

After suing here, Plaintiff provided no updated address to the Court.  A copy of this Court's March 16 in forma pauperis order, which the Clerk mailed to him on March 17 at SCCJC, was returned as undeliverable on April 13.  (ECF No. 5.)  The record thus suggests that Plaintiff has failed to bear his responsibility of keeping the Court updated.  The Court, therefore, has no way to communicate with him about his case.

A plaintiff's failure to supply the Court with an updated address subjects the action to dismissal under Federal Rule of Civil Procedure 41(b).  *See* Fed. R. Civ. P. 41(b) (providing for dismissal where "the plaintiff fails to prosecute"); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing courts' authority to dismiss a case sua sponte for lack of prosecution); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to

5

keep the district court apprised of his current address"). Because Plaintiff has taken no action in this case in over six months, Rule 41(b) renders his case subject to dismissal for failure to prosecute. So even if Plaintiff had stated a viable § 1983 claim, his case would still be subject to dismissal for his failure to actively prosecute the case. But if this were his only problem, this dismissal would be without prejudice.

For these reasons, the Court **DISMISSES** the complaint for failure to prosecute his claim.

## AMENDMENT UNDER THE PLRA

The Court also **DENIES** leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In fact, the Sixth Circuit prefers "liberality" in allowing amendment at the screening stage under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019). And the Court has also stated "[i]f it is at all possible that the party . . . can . . . state a claim for relief, the court should dismiss with leave to amend." *Id.* (internal quotation marks omitted).

Even so, the Court finds that this is the rare case where it would not be possible for the Plaintiff to amend his complaint to state a claim for relief. He sues only one defendant under § 1983—Dollar General. And Dollar General is simply not a state actor, as required by § 1983. So in this case, amendment would be futile, because Plaintiff does not have an actionable § 1983 claim even if he amends. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1281–

82 (10th Cir. 2001). Therefore, the Court finds that Plaintiff should not be given the opportunity to amend his complaint.

## APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on defendants but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, the Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that if Plaintiff appeals in this matter, it would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee, if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). Therefore, the Court **ORDERS** that if Plaintiff wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

## **CONCLUSION**

The Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE** for failure to state a claim on which relief can be granted, under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). Further, The Court **DENIES** leave to amend.

Because this case is **DISMISSED** with prejudice in its entirety, the Court shall enter judgment. Finally, the Court assesses Plaintiff's first strike under § 1915(g), which shall take effect when the Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

**SO ORDERED**, this 3rd day of December, 2020.

                                                 s/Thomas L. Parker
                                                 THOMAS L. PARKER
                                                 UNITED STATES DISTRICT JUDGE